## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | ) | |
|---|---|---|
| In re: | ) | 19-13287 |
|     James Cosmano | ) | Honorable A. Benjamin Goldgar |
| | ) | Chapter 7 |
|     Debtor | ) | |

### REPLY TO RESPONSE OF CREDITOR UNITED STATES OF AMERICA TO DEBTOR'S MOTION TO AVOID LIEN

Now comes the Debtor, Cosmano ("Cosmano"), presenting his reply in support of his motion to avoid lien of the United States of America ("USA") (dkt. 11 in the above-captioned bankruptcy, the "Motion").

The USA, at the outset, argues that Mr. Cosmano does not have standing to bring the Motion. Though the USA recites the three necessary elements of Article III standing, the USA seems only to argue that Cosmano has not suffered an "injury-in-fact": While the USA noted that standing further requires that there must be a causal connection between the injury and the conduct complained of, and that the injury will be redressed by a favorable decision, its Response brief does not seem to assert that Cosmano has failed to attain these necessary elements.

Article III standing's "injury-in-fact" requirement requires a plaintiff (or, in this case, movant) to allege an injury that is both concrete and particularized. *Spokeo, Inc., v. Robins*, *citing Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167. The injury must also be "actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560-61 (1992).

The USA's argument is necessarily underpinned by a contradiction. The USA tries to make its own conduct look ineffectual – the only reason they proffer for recording their judgment lien is that "the existence of a judgment for the tax liabilities precludes the Debtor from later challenging the amount or existence of such liabilities in a suit to enforce the federal tax liens…" It admits, of course, that this goal was attained by its *judgment*, and that the result is not altered by the *lien*. The USA thus seems to argue that its conduct and efforts were mere overkill, that it attained no benefit, and so Cosmano suffered no injury.

What, then, the purpose of the Judgment Lien? It extends the duration of the USA's encumbrance on Cosmano's home. Absent avoidance, the Judgment Lien would be effective as to Waterside for 20 years, pursuant to 28 U.S.C. 3201(c)(1). The USA's obligation to release the lien would only come to pass on the filing of a satisfaction of judgment or release of lien. 28 U.S.C. 3201(d)(1).

Contrast this with the period of the Tax Lien. "Unless another date is specifically fixed by law, the lien imposed by section 6321 shall… continue until the liability for the amount so assessed (or a judgment against the taxpayer arising out of such liability) is satisfied or becomes unenforceable by reason of lapse of time." 26 U.S.C. 6322.

But, the "unenforceable by reason of lapse of time" refers to what the Internal Revenue Service refers to as the Collection Statute Expiration Date (CSED), *see* Internal Revenue Manual, at section 5.17.2.2.2 "Duration of the Federal Tax Lien," available at https://www.irs.gov/irm/part5/irm_05-017-002 (accessed 8/21/19).

The Internal Revenue Code section 6502 provides that the length of the period for collection after assessment of a tax liability is ten years, and that the collection statute expiration ends the government's right to pursue collection of a liability. 26 U.S.C. 6502(a).

The greatest measure of Cosmano's tax liability – approximately 96% of it – was assessed against him on March 15, 2010. While remaining the liability assessed later is no small figure, totaling about $217,100.94, it would lapse in full by January 5, 2025.[1] However, absent avoidance, the Judgment Lien will persist against Cosmano's home until January 12, 2038.

If the USA declines to foreclose in the shorter timeframe (before January 5, 2025), or, judgment not entered in its favor, if the Judgment Lien were avoided, Cosmano would attain the equity permitted him by his exemption, subject only to the mortgage and the vagaries of the housing market.

The Seventh Circuit has held that "often a probabilistic harm suffices for Article III standing even when the probability that the harm will actually occur is small… A 10 percent probability of obtaining $1,000 is $100; this is called an 'expected value' and is real even though not certain." *In re CP Hall Co.*, 750 F.3d 659, 660-661 (7th Cir. 2014). While Cosmano would only attain a probabilistic benefit from avoiding the Judgment Lien, the fact remains that he has standing to do so.

The Supreme Court has said that the risk of real harm can satisfy the standing requirement of concreteness. *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1549 (2016). For example, the law has long permitted recovery by certain tort victims even if their harms may be difficult to prove or measure. *Id*. Seeking to avail himself of his right to avoid a judgment lien under 522(f) of the Code is sufficient to provide Cosmano with a concrete right, sufficient for standing. And

---

[1] If, in due course, this Court were to rule in favor of the USA, and find that Cosmano has not alleged sufficient injury-in-fact, it would be appropriate for the court to deny his motion without prejudice, without barring his right to assert such a claim at a later date. The Federal Rules of Civil Procedure indicate a strong preference to resolve disputes on the merits, *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 550 (2010), and it may be less complicated to reach those merits in March of next year when much of the debt memorialized by the Tax Lien may be uncollectable, or at some time thereafter.

as to his injury being particularized, the extension of the Judgment Lien's duration past that of the Tax Lien does injure Cosmano in a particularized way.

As such, Cosmano has suffered injury both concrete and particularized (the judgment lien's duration extending longer than the tax lien), and actual or imminent (under *CP Hall*, the diminished likelihood of attaining value). As such, especially under *CP Hall*'s understanding of probabilistic benefits, Cosmano has a pecuniary interest in the outcome of the bankruptcy proceedings. *In re Cult Awareness Network, Inc.*, 151 F.3d 605 (7th Cir. 1998). The Supreme Court has repeatedly found that a contingent liability may be sufficient to confer standing, *see Cllinton v. City of New York*, 524 U.S. 417, 430-31 (1998), and so too must a contingent benefit.

The USA further argues that the debtor lacks "bankruptcy standing" to bring the motion. "Bankruptcy standing" is a threshold designed to screen out people without a pecuniary interest in an order from being able to appeal that order. *In re Andreuccetti*, 975 F.2d 413, 416 (7th Cir. 1992). "That is a misnomer," *CP Hall* at 660, because Cosmano is not seeking to appeal anything, he is seeking to enforce a right granted him by statute. He already has an interest in the condominium – the Debtor's interest in the title is an interest itself. *In re VanZant*, 210 B.R. 1011, 1016 (Bankr. S.D.Ill 1997).

In this instance, The Debtor has standing to invoke section 522(f) of the bankruptcy code because he is one of the persons whom section 522(f) is intended to protect. *Matter of James Wilson Associates*, 965 F.2d 160, 168 (7th Cir. 1992), *citing Tucker v. Department of Commerce*, 958 F.2d 1411, 1416 (7th Cir. 1992). While the Debtor has a pecuniary interest in the outcome of this matter, to use "standing" jurisdiction to deny a Debtor a right that the Code explicitly permits him would require more than the USA has provided.

When a cause of action is conferred by statute, the right to invoke that statute are those parties whose interests "fall within the zone of interests protected by the law invoked." *Lexmark Intern. V. Static Control*, 134 S.Ct 1377, 1388-89. The Supreme Court has held that the zone-of-interests test is therefore an appropriate tool for determining who may invoke a different cause of action under the bankruptcy code – specifically in that instance 11 U.S.C. 1125(a). *Id.*

Whether a plaintiff comes within the "zone of interests" is an issue that requires a federal court to determine, using traditional tools of statutory interpretation, whether a legislatively conferred cause of action encompasses a particular plaintiff's claim. *Id*. at 1387. (Relatedly, as well, the Seventh Circuit has found standing in many circumstances in which the Debtor is bringing a claim that the debtor has a right to bring; "Chapter 13 grants debtors possession of the estate's property, which includes legal interests and the right to bring legal claims that could be prosecuted for benefit of the estate. The debtors thus have standing to bring this claim to avoid the fraudulent transfer." *Smith v. SIPI, LLC*., 811 F.3d 228, 241 (7th Cir. 2016) (*internal quote marks and citations omitted, but nothing else*).

By the terms of 11 U.S.C. 522(f), "the debtor" may avoid the fixing of a judgment lien. And not at issue, obviously, is Cosmano's status as a debtor in bankruptcy. As such, the Debtor may avoid the fixing of a judgment lien if it impairs an exemption, if the lien is a judicial lien.

The USA, finally, goes on to agree that "a mechanical application of the statutory analysis to determine impairment… suggests that the judicial lien impairs the Debtor's interest." As the USA's tax lien will persist for a few more years, however, it goes on to argue that the judicial lien does not impair the Debtor's interest in his homestead because avoiding the judicial lien does not reduce the amount of liability that encumbers the property. As already discussed, however, a Debtor has an interest in property even if the property is fully encumbered by liens.

*VanZant*, 210 B.R. at 1016. As such, even an extra lien being of record as to the Debtor's property is enough to impair the Debtor's interest in his condominium.

WHEREFORE the Debtor prays that this Court enter his order seeking to avoid the judgment lien of the United States of America.

        Respectfully submitted,
**James Cosmano**
By: /s/ Justin R. Storer
    Justin R. Storer
    One of the Debtor's Attorneys
    Lakelaw
    53 W. Jackson, Suite 1115
    Chicago, IL 60604
    312.662.5757
    jstorer@lakelaw.com