**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

In re:

James Cosmano,                                   Case No. 19-13287

Debtor


**NOTICE OF MOTION**

TO: See attached service list

    PLEASE TAKE NOTICE that on 3/8/21, at 9:30 a.m., I will appear before the Honorable Chief Judge A. Benjamin Goldgar, or any judge sitting in that judge's place, in courtroom 642 in the Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, and present the Motion of Debtor James Cosmano To Avoid Judicial Lien on 450 E. Waterside Drive, Unit 1301, Chicago, IL.   The Meeting ID: 161 500 0972 passcode: 726993.


        Debtor: James Cosmano

    By: James Cosmano
       1900 E. Golf Rd., Suite 950
       Schaumburg, Il 60173
       847-338-2000
       cosmanolaw@yahoo.com

CERTIFICATE OF SERVICE

I, James Cosmano, certify under penalty of perjury under the laws of the United States of America that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method indicated on the service list on 3/1//21, before 5 p.m.

*James Cosmano*
James Cosmano

_____

ATTACHED SERVICE LIST

Electronic Service:

- **Patrick S Layng**     USTPRegion11.ES.ECF@usdoj.gov
- **Steven R Radtke**     sradtke@chillchillradtke.com, sradtke@ecf.axosfs.com
- **Justin R. Storer**     jstorer@lakelaw.com, bharlow@wfactorlaw.com
- **James M Strandjord**     james.m.strandjord@usdoj.gov, northern.taxcivil@usdoj.gov
- **Timothy R Yueill**     timothyy@nevellaw.com

Mail Service:

Community Loan Servicing, LLC
Customer Support Department
4425 Ponce de Leon Boulevard, 5th Floor
Cora Gables, Fl 33146

WSFS Bank
500 Delaware Ave.
Wilmington, DE 19801

IN THE UNITED STATES BANKRUPTCY COURT
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) 19-13287 |
| James Cosmano, | ) Honorable A. Benjamin Goldgar |
| | ) Chapter 7 |
| Debtor | ) |

**MOTION TO AVOID JUDICIAL LIEN ON 450 E. WATERSIDE DRIVE, UNIT 1301, CHICAGO, ILLINOIS**

NOW COMES the Debtor in the above-captioned case, James Cosmano, Pro Se, to present his MOTION TO AVOID JUDICIAL LIEN ON 450 E. WATERSIDE DRIVE, UNIT 1301, CHICAGO, ILLINOIS pursuant to 11 U.S.C. section 506(a) and (d) and in support thereof, states as follows:

1) This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. 1334 and this is a "core proceeding" under 28 U.S.C. 157.

2) The Debtor filed a petition for relief under Chapter 7 of the United States Bankruptcy Code on May 8, 2019. (Ex. 1)

3) On August 13, 2019, pursuant to 11 U.S.C. Sec. 727 the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division in Case No. 19-13287 granted Debtor a personal discharge of all debts and obligations including federal tax liability totaling $6,851,164.49. (Ex. 2).

4) In his Schedules, Debtor listed as an asset his personal residence located at 450 E. Waterside Drive, Unit 1301, Chicago, IL (Waterside property).

   A. The Cook County, Illinois PIN numbers of this property are 17-10-400-043-1119 and 17-10-400-1505.

B. A residential certified appraisal report was prepared for the Waterside Property on March 21, 2019 with the opinion of value in the amount of $505,000 and on May 22, 2020 with the opinion of value in the amount of $497,500. (Group Ex. 3).

C. On May 8, 2019, the Debtor owed Wilmington Savings fund Society, FSB, the present mortgage loan servicer for Cosmano's Waterside Property, approximately $535,000.00 in a senior mortgage on this property. The outstanding mortgage balance is currently approximately $620,000. (Group Ex. 4).

5) Also in his schedules, Debtor listed as an asset a property held in tenancy in common with his mother (Rose Cosmano age 88) located at 2202 W. Lawrence Lane, Mount Prospect, Illinois (Lawrence Lane Property).

    A.    The Cook County, Illinois PIN number of this property is 08-10-301-078-0000.

    B.    A residential certified Appraisal was prepared for the Lawrence Lane Property on April #, 2019 with the opinion of value in the amount of $115,000. (Ex. 5).

    C.    On or about May 8, 2019, the Debtor owed JP Morgan Chase Bank approximately $121,000 in a senior mortgage on this property. The current mortgage balance is approximately $160,000. (Group Ex. 6).

6) Prior to the filing of the bankruptcy case, the Waterside and Lawrence Lane Properties were further encumbered by a tax lien recorded against Mr. Cosmano, personally, pursuant to 26 U.S.C. 6321, 6322, and 6323, recorded on February 19, 2015, and found at Cook County Recorder of Deeds document number 141630215, in the amount of $5,372,886.99. (Ex. 7).

7) Furthermore, prior to the filing of this bankruptcy case, but subsequent to the recordation of the mortgages on the Waterside and Lawrence Lane Properties, the United States of America obtained a judgment against the Debtor pursuant to 26 U.S.C. 7401.

8) The United States memorialized its judgment at the Cook County Recorder of Deeds, at document number 1825316059, recorded on September 10, 2018, against James Cosmano, in the amount of $6,051,979.00, which document continues to encumber Debtor's above-described real properties. (Ex. 8).

9) Pursuant to 735 ILCS 5/12-101, a judgment is a lien on the real estate of the person against whom it is entered in any county in the State, from the time a transcript, certified copy, or memorandum of judgement is filed in the office of the recorder in the county in which the real estate is located.

10) On September 20, 2019, after obtaining an order modifying the automatic stay in the Chapter 7 bankruptcy case, the United States filed a civil tax foreclosure action against James Cosmano seeking to sell the Waterside Property, in case docketed at Case No. 17-CV-5721.

11) On September 16, 2020, the chapter 7 trustee filed a report with the court abandoning the Waterside and Lawrence Lane Properties located in Cook County as burdensome to the estate.

12) On September 17, 2020, the Debtor's case was closed.

13) On December 10, 2020, the United States and James Cosmano entered a stipulated dismissal in the civil tax foreclosure action regarding the Waterside Property, in case docketed at Case No. 17-CV-5721. (Ex. 9).

**NONCONSENUAL COMPLETELY UNSECURED JUDICIAL LIEN IS AVOIDABLE**

This memorandum addresses the specific issue of whether avoidance of a completely unsecured judgment lien is permitted in a Chapter 7 case under 11 U.S.C. 506 (a) and (d).

In brief, <u>Dewsnup v. Timm,</u> 502 U.S. 410, 112 S.Ct. 773 (1992), held that a Chapter 7 debtor could not reduce or "strip down" a partially secured mortgage.

These are not the facts at hand. Debtor Cosmano seeks to avoid a nonconsensual judicial lien completely unsecured which is clearly distinguishable from the Dewsnup debtor who sought to strip down a consensual, partially secured mortgage lien. Dewsnup limited itself to those narrow facts acknowledging "the difficulty of interpreting [section 506] in a single opinion that would apply to all possible fact situations. We therefore focus upon the case before us and allow other facts to await their legal resolution on another day." 502 U.S. at 416-17, 112 S.Ct. at 778.

Based upon the specific issue before the Supreme Court, *i.e.,* whether a consensual mortgage lien can be avoided, and the fact that the Court specifically limited its holding to the facts of the case, several courts have strictly interpreted <u>Dewsnup</u>, holding that it does not apply to nonconsensual judicial liens. See <u>In re Blair,</u> 2001 WL 36404548, *1-2 (Bkrtcy.S.D.Ga. Jan. 19, 2001) (nonconsensual judicial lien is not protected by safe harbor ruling in <u>Dewsnup</u>); <u>Butler v. Southern O Corporation</u>, 196 B.R. 329, 330 (Bkrtcy W.D.Va. May 21, 1996) (<u>Dewsnup</u> not applied to nonconsensual judicial lien); <u>In re Howard</u>, 184 B.R. 644, 647 (Bkrtcy.E.D.N.Y. Aug 2, 1995) (<u>Dewsnup</u> not applicable to defendant's judicial lien); <u>In re Jones</u>, 166 B.R. 657, 662 n. 7 (Bkrtcy.N.D.Ill. April 22, 1994) (<u>Dewsnup</u> not applicable to a judicial lien); <u>In re Prestegaard</u>, 139 B.R. 117, 120 (S.D.N.Y. April 22, 1992<u>) Dewsnup</u> inapplicable to judicial lien). See <u>In re Mayer</u>, 541 B.R. 812, 61 Bankr.Ct.Dec. 235 (2015).

In <u>Mayer</u>, the debtor sought to avoid a creditor's judgment lien that was wholly unsupported by any equity in the real property. The recording of the judgment was subsequent to mortgage liens recorded against the property. After deducting the

mortgage liens from the value of the property, there was no equity to secure the judgment lien. The bankruptcy court held that a nonconsensual judicial lien is avoidable when insufficient equity exists to secure its debt. Id.

In reaching its conclusion, the Mayer court stated, "After considering the various opinions interpreting Dewsnup and in accordance with Dewsnup's instruction to confine its ruling to the facts before it, a narrow interpretation of its effect is warranted. "To begin, section 506 provides a debtor with the right to "cram down" a secured claim to the value of the property encumbered. The remaining undersecured portion or deficiency is then treated as an unsecured claim. Chapter V is generally applicable to all chapters under bankruptcy." Id.

Section 506 of the Bankruptcy Code provides, in relevant part:

(a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 533 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless (1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or (2) such claim is not an allowed secured claim due only to the failures of an entity to file a proof of such claim under section 501 of this title.

In re Wright, 492 F.3d 829, 830 (7th Cir.2007); see also U.S. v. Ron Pair Enters., Inc., 489 U.S. 235, 239,109 S.Ct. 1026, 1029, 103 L.Ed.2d 290 (1989) (stating that section 506(a) "provides that a claim is secured only to the extent of the value of the property on which the lien is fixed; the remainder of that claim is considered unsecured").

The mechanism in § 506(a) places a value on collateral in order to determine the status of secured claims. Section 506(d) works to void liens that do not constitute an allowed secured claim. See <u>United States v. Zlogar,</u> 126 B.R. 53, 54 (N.D. Ill. March 28, 1991).

In <u>LaPointe,</u> joint Chapter 7 debtors, without equity in their residence above prior consensual liens, could avoid two creditors' single judicial lien in full; permitting creditors' judicial lien to remain in place, in effect, would place dead hand on residence and blunt, if not destroy debtors' incentive to pay down mortgages, maintain and improve property. <u>See In re LaPointe</u>, 150 B.R. 92 (Bankr.D.Conn. (1993) .

Considering the Wilmington Savings fund Society, FSB mortgage was approximately $535,000 and considering the value of the Waterside Property was $505,000 as of May 8, 2019, there was no equity in the property to secure the United States judgment lien and thus the judgment lien should be avoided.

Therefore, the Debtor in the above captioned proceedings requests that this court issue an order directed to the Cook County Clerk's Office Recorder Of Deeds to cancel the Writ of Execution in records of Cook County, Illinois filed on September 10, 2018, document number 1825316059 in the amount of $6,051,979.00 plus accrued interest.

        Respectfully submitted,

        *JAMES COSMANO*
        JAMES COSMANO, Pro Se

James Cosmano
1900 E. Golf Rd., Suite 950
Schaumburg, IL 60173
847-338-2000