**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **James Cosmano**, | Bankruptcy No. 19-13287 |
| Debtor. | Honorable A. Benjamin Goldgar |

## NOTICE OF MOTION

**Please take notice** that on **Monday, March 8, 2021, at 9:30 A.M.,** or as soon thereafter as counsel may be heard, I shall appear before the Honorable A. Benjamin Goldgar, United States Bankruptcy Judge for the Northern District of Illinois, or any other judge sitting in his place and stead, and shall then and there present my **Motion for Authorization to Withdraw as Attorney**, a copy of which is attached hereto and herewith served upon you.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video,** use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone,** call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password.** The meeting ID for this hearing is 161 500 0972 and the password is 726993. The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

{00189947}

Dated: March 1, 2021  /s/ *Justin R. Storer*

Justin R. Storer (6293889)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel: (312) 373-7226
Fax: (847) 574-8233
Email: jstorer@wfactorlaw.com

{00189947}

## CERTIFICATE OF SERVICE

  I, Justin R. Storer, an attorney, hereby certify that on March 1, 2021, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing *Notice of Motion* and the accompanying *Motion for Authorization to Withdraw as Attorney* to be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the below Service List and by U.S. mail on all other persons identified on the attached Service List.

               */s/ Justin R. Storer*

## SERVICE LIST

**Registrants in the Case**
(Service via ECF)

| | |
|---|---|
| James Cosmano | cosmanolaw@yahoo.com |
| Patrick S Layng | USTPRegion11.ES.ECF@usdoj.gov |
| Steven R. Radtke | sradtke@chillchillradtke.com |
| James M. Strandjord | james.m.strandjord@usdoj.gov |
| Timothy R. Yueill | timothyy@nevellaw.com |

(Service via first-class mail)
James Cosmano
1900 E. Golf Road, Suite 950
Schaumburg, IL 60173

James Cosmano
450 E. Waterside Dr., #1301
Chicago, IL 60601

{00189947}

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| **James Cosmano**, | Bankruptcy No. 19-13287 |
| Debtor. | Honorable A. Benjamin Goldgar |

## MOTION FOR AUTHORIZATION TO WITHDRAW AS ATTORNEY

When an attorney is discharged by his client, the attorney shall withdraw from representation of the client. In this instance, the representation agreement has concluded – James Cosmano's discharge has been issued, the bankruptcy case already closed.

Thereafter, on Thursday, February 25, 2021, following discussion about certain efforts Cosmano hoped would be taken in his case, Cosmano requested that Justin Storer withdraw from representing him.

### JURISDICTION

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2. Venue of the above-captioned case and of this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

### PROCEDURAL HISTORY

4. James Cosmano is a licensed attorney, practicing regularly in the State of Illinois.

{00189947}

5. On May 8, 2019, Cosmano, represented by Storer, commenced this bankruptcy case by filing a voluntary petition for relief under chapter 7, pursuant to 11 U.S.C. 301.

6. On the petition date, Steven R. Radtke was named interim trustee for Cosmano's estate.

7. On August 13, 2019, this Court issued a discharge in Cosmano's bankruptcy; on September 16, 2020, Radtke issued a finding of no assets to administer for the benefit of creditors, and the next day, the bankruptcy case was closed.

8. On Wednesday, February 24, 2021, Cosmano commenced a dialogue with Storer via email about certain motions that Cosmano had prepared, and that Cosmano wanted filed in his bankruptcy case. Cosmano and Storer discussed the motions. The next day, Cosmano requested that Storer withdraw from representing him.

9. On Monday, March 1, 2021, Cosmano filed his motions, along with a Northern District of Illinois appearance form, appearing on his own behalf (the latter of which he styled a "motion for leave").

## RELIEF REQUESTED

10. Justin Storer requests that he be permitted to withdraw from his appearance on behalf of James Cosmano, the debtor in the above-captioned bankruptcy.

## BASES FOR RELIEF REQUESTED

11. Under Local Rule 83.50 for the United States District Court for the Northern District of Illinois, the ABA Model Rules of Professional Conduct apply in practice before the District Court. As such, they apply in practice before the Bankruptcy Court.

12. Under ABA Model Rule 1.16(a)(3), a lawyer shall withdraw from the representation of a client if the lawyer is discharged.

13. Under ABA Model Rule 1.16(b)(1), a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client.

14. Under ABA Model Rule 1.16(b)(7), a lawyer may withdraw if other good cause for withdrawal exists.

15. Storer submits that the above three conditions are satisfied in the instant proceeding.

16. Under this Court's Local Rule 2091-1, "[a]n attorney of record may not withdraw… without first obtaining leave of court by motion."

## NOTICE

17. At least seven days' notice of this motion has been given to: (i) the Office of the United States Trustee; (ii) the Debtor; (iii) the Permanent Trustee, and (iv) any person that has requested notice in the case or that receives notices through the ECF System with respect to the Case. Furthermore, Cosmano has been served by CM/ECF notice (he filed his motions as a registrant) as well as by first-class mail, postage prepaid, to his office address and his home.

**WHEREFORE**, Justin Storer respectfully requests that this Court grant his motion requesting leave to withdraw, and that this Court issue any other relief it deems just and proper.

Dated: March 1, 2021              **Justin R. Storer**

Justin R. Storer (6293889)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:    (312) 373.7226
Fax:    (847) 574-8233
Email: jstorer@wfactorlaw.com

{00189947}