**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

In re:

James Cosmano,                              Case No. 19-13287

Debtor

## NOTICE OF MOTION

TO: See attached service list

    PLEASE TAKE NOTICE that on 3/8/21, at 9:30 a.m., I will appear before the Honorable Chief Judge A. Benjamin Goldgar, or any judge sitting in that judge's place, in courtroom 642 in the Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, and present the motion of Debtor James Cosmano Seeking Declaration that Federal Tax Debt Were Dischargeable, a copy of which is attached. The Meeting ID: 161 500 0972 Passcode: 726993.

    Debtor: James Cosmano

    By: James Cosmano
        1900 E. Golf Rd., Suite 950
        Schaumburg, Il 60173
        847-338-2000
        cosmanolaw@yahoo.com

## CERTIFICATE OF SERVICE

I, James Cosmano, certify under penalty of perjury under the laws of the United States of America that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method indicated on the list on 3/1/21, before 5 p.m.

*James Cosmano*
James Cosmano

_____

Document    Page 3 of 7

ATTACHED SERVICE LIST

Electronic Service:

- **Patrick S Layng**    USTPRegion11.ES.ECF@usdoj.gov
- **Steven R Radtke**    sradtke@chillchillradtke.com, sradtke@ecf.axosfs.com
- **Justin R. Storer**    jstorer@lakelaw.com, bharlow@wfactorlaw.com
- **James M Strandjord**    james.m.strandjord@usdoj.gov, northern.taxcivil@usdoj.gov
- **Timothy R Yueill**    timothyy@nevellaw.com

Mail Service:

Community Loan Servicing, LLC
Customer Support Department
4425 Ponce de Leon Boulevard, 5th Floor
Cora Gables, Fl 33146

WSFS Bank
500 Delaware Ave.
Wilmington, DE 19801

IN THE UNITED STATES BANKRUPTCY COURT
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | 19-13287 |
| | ) | |
| James Cosmano, | ) | Honorable A. Benjamin Goldgar |
| | ) | Chapter 7 |
| | ) | |
| Debtor | ) | |

**MOTION SEEKING DECLARATION THAT FEDERAL TAX DEBT WERE DISCHARGEABLE**

NOW COMES the Debtor, JAMES COSMANO, Pro Se, and seeks declaration that federal income taxes owed for the years 2007 through 2010 were discharged under 11 U.S.C Section 523(a)(1) when Debtor received his general discharge in Bankruptcy Case No. 19-13287. In support of said Motion, Debtor states as follows:

1)  This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. Section 157(b)(2)(1),1334(b) and 11 U.S.C. Section 523.

2)  The Debtor filed a petition for relief under Chapter 7 of the United States Bankruptcy Code on May 8, 2019.  (Ex. 1).

3)  The bankruptcy case may be reopened to permit the filing of such complaint. See Bankruptcy Rule 4007(B).

4)  The debtor listed in his schedules a federal tax liability totaling $6,851,164.49. (Ex. 1).

5)  On August 13, 2019, pursuant to 11 U.S.C. Section 727 the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division in Case No. 19-13287 granted Debtor a personal discharge of all debts and obligations including federal

tax liability totaling $6,851,164.49. (Ex .2).

6) The chapter 7 trustee filed a report of no distribution and the case was closed on September 17, 2020.

7) Debtor's main reason for filing his bankruptcy was to obtain relief from his federal tax debt. Debtor was mistakenly led to believe that his tax debt totaling $6,851,164.49 was indeed discharged in the Chapter 7 case.

8) Debtor's federal tax debt was incurred for the calendar years of 2007 through 2010.

9) Debtor' s tax obligations were incurred more than 3 years prior to the filing of his bankruptcy petition of May 8, 2019.

10) The IRS assessed the tax debt for the calendar years 2007 through 2010 on February 19, 2015 which is more than 240 days prior to the filing of the bankruptcy petition. (Ex. 3).

11) Debtor's filed tax returns for the calendar years 2007 thru 2010 were not fraudulent.

12) At no time did the IRS assert that Debtor had committed civil tax fraud.

13) A recent review of the Debtor's tax transcript fails to show that his tax debt totaling $6,851,164.49 was discharged.

14) Had the Debtor been aware that his tax debt was not discharged, Debtor would have filed this motion while his Chapter 7 case remained open.

15) Allowing the Debtor to reopen his Chapter 7 case to discharge his federal tax debt will not result in an abuse of the bankruptcy process or prejudice his creditors.

## Debtor's tax debt should be discharged since the taxes were due more than three years prepetition, were assessed more than 240 days prepetition and the tax returns were not fraudulent.

As a general rule, a Chapter 7 debtor is granted a discharge of all prepetition debts. 11 U.S.C. Section 727(b). However, certain debts are excepted from discharge. 11 U.S.C. Section 523. In any inquiry to determine the dischargeability of a particular debt, the creditor bears the burden of showing by a preponderance of the evidence that it should be excepted from discharge. Grogan v. Gamer, 498 U.S. 279, 111 S.Ct 654, 112 L.Ed.2d 755.

As a general bankruptcy principle, tax obligations which were incurred more than three years before the date of the bankruptcy are typically dischargeable under section 523. See, e.g., McKay v. United States, 957 F.2d 689, 691 (9th Cir.1992); In re Krammer ; 215 b.R.87, 88 (S.D.Fla.1997).

The Debtor's tax debt was incurred for the calendar years of 2007 through 2010 which is more than three years prior to the filing of his petition for Chapter 7 relief.

The IRS assessed the Debtor's tax debt for the calendar years 2007 through 2010 in 2015 which is more than 240 days prior to the filing of his bankruptcy petition.

In Turner, Chapter 7 debtor filed complaint to determine dischargeability of tax debt. The bankruptcy court held income taxes that were due more than three years prepetition and that were assessed more than 240 days prepetition, and tax penalties associated with debtors' income taxes, were dischargeable.

<u>Turner v. United States</u>  (In re Turner)182 B.R. 317 (Bankr.N.D.Ala.1995).

Debtor's filed tax returns for the calendar years of 2007 through 2010 were not fraudulent and the IRS did not assert that the debtor had committed civil tax fraud.

In <u>Schlesinger</u>, Chapter 7 debtor brought adversary proceeding for determination as to dischargeability of his federal income tax debt.  The bankruptcy court held that debtor-taxpayer's carelessness was not willful attempt to evade or defeat taxes.  <u>In re Schlesinger</u> 290 B.R. 529 (2002).

The Debtor's federal tax liability totaling $6,851,164.49 plus accrued interest should be discharged since his tax debt was due more than three years prepetition and that were assessed more than 240 days prepetition and fraud was not involved in the filing of the tax returns.

                Respectfully submitted,

                *James Cosmano*
                James Cosmano, Pro Se

James Cosmano
Cosmano Law Offices
1900 E. Golf Rd., Suite 950
Schaumburg, IL 60173
847-338-2000