## United States Bankruptcy Court, Northern District of Illinois

| Name of Assigned Judge | A. Benjamin Goldgar | CASE NO. | 19 B 13287 |
|---|---|---|---|
| DATE | April 13, 2021 | ADVERSARY NO. | |
| CASE TITLE | James Cosmano | | |
| TITLE OF ORDER | Order denying motions to avoid liens | | |

**DOCKET ENTRY TEXT**

The motions of James Cosmano to avoid the Internal Revenue Service's judgment lien are denied.

**[For further details see text below.]**

### STATEMENT

Discharged chapter 7 debtor James Cosmano has had his case reopened and has moved to avoid a judgment lien belonging to the Internal Revenue Service. The lien encumbers two properties in which Cosmano has an interest, one in Chicago, the other in Mount Prospect, and Cosmano has filed two motions, one for each property. The lien resulted from a judgment for $6,051,979 that the IRS obtained against Cosmano in the district court and recorded prepetition. The IRS also separately recorded a tax lien that encumbers both the real properties and Cosmano's personal property. Cosmano maintains that the value of the two properties after prior liens leaves the IRS's judgment lien unsupported, and the lien is therefore avoidable under section 506(d) of the Bankruptcy Code, 11 U.S.C. § 506(d).

The rock on which Cosmano's motions founder is *Dewsnup v. Timm*, 502 U.S. 410 (1992). *Dewsnup* holds that section 506(d) does not allow a chapter 7 debtor to avoid, or "strip off," a lien. Although the decision has come in for its fair share of criticism, the Supreme Court recently reaffirmed *Dewsnup* in *Bank of Am., N.A. v. Caulkett*, 575 U.S. 790 (2015). Because *Dewsnup* and *Caulkett* bar Cosmano's effort to strip off the judgment lien, his motions must be denied.

Cosmano, though, tries to distinguish *Dewsnup*. Citing *In re Mayer*, 541 B.R. 812 (Bankr. E.D. La. 2015), he argues that *Dewsnup* concerned a consensual mortgage lien. A judgment lien, Cosmano observes, is non-consensual and so can still be stripped under section 506(d) even after *Dewsnup*.

## STATEMENT

Although *Mayer* reaches that conclusion, it does so out of thinly veiled hostility toward *Dewsnup*, s*ee Mayer*, 541 B.R. at 815, not because the consensual/non-consensual distinction makes sense. *See In re Doss*, 588 B.R. 516, 526 n.5 (Bankr. E.D. Wis. 2018) (finding *Mayer* unpersuasive). Nothing in *Dewsnup* (or in *Caulkett*) suggests that section 506(d) should be read differently when a lien is non-consensual. *Id.* at 525. The better view is that "*Dewsnup* applies to both consensual and non-consensual liens, including judicial liens." *Id.*; *see also In re Ryan*, 725 F.3d 623, 526 (7th Cir. 2013), rejecting the idea that section 506(d) has different meanings "based upon the circumstances" and holding that *Dewsnup* also applies in chapter 13 cases).

In his reply, Cosmano largely abandons the *Dewsnup* argument and argues instead that his tax debt has been discharged. His motions, though, do not ask for a dischargeability determination. Nor could they. As the court explained when Cosmano previously sought the same determination by motion, a dischargeability determination must be sought through an adversary proceeding. Fed. R. Bankr. P. 7001(6); *Hijawi v. Five N. Wabash Condo. Ass'n*, 495 B.R. 839, 843 (N.D. Ill. 2013) (noting that "a dischargeability determination requires an adversary proceeding"); *In re Hanson*, 308 B.R. 903, 905 (W.D. Wis. 2004) Although the adversary proceeding requirement can be waived, *Hijawi*, 495 B.R. at 843, the IRS has not waived it (*see* Dkt. No. 71 at 3-4).

For its part, the IRS argues that Cosmano's properties are worth enough to support the judgment lien. But since Cosmano cannot strip off the judgment lien regardless of the properties' values, the point is irrelevant. The IRS also argues that Cosmano cannot avoid its tax lien. This point, too, is irrelevant. Cosmano has asked only to avoid the judgment lien, not the tax lien.

The motions of James Cosmano to avoid the Internal Revenue Service's judgment lien are denied.

Dated: April 13, 2021

                                                      A. Benjamin Goldgar
                                                      United States Bankruptcy Judge